428 A.2d 622

**COMMONWEALTH of Pennsylvania**

v.

**William SILVERS, Appellant.**

Superior Court of Pennsylvania.

Argued Nov. 12, 1980.

Filed April 10, 1981.

Petition for Allowance of Appeal Denied July 29, 1981 and Sept. 4, 1981.

Henry J. Kulakowski, Jr., Beaver, for appellant.

John L. Brown, Jr., Assistant District Attorney, Beaver, submitted a brief on behalf of Commonwealth, appellee.

Before CAVANAUGH, WATKINS and HOFFMAN, JJ.

WATKINS, Judge:

This is an appeal from the judgment of sentence of the Court of Common Pleas of Beaver County by the appellant, William Silvers, a/k/a Gary DePetro, after conviction by a jury of robbery (second degree) and criminal conspiracy; and from the denial of post-trial motions.

The evidence of the Commonwealth established that on or about 8:20 P.M. on February 22, 1979, the Pic-Way Shoe Store in the Aliquippa Shopping Center was robbed. Two employees testified that two white males entered the store, one of them, the taller, who was identified as Kennedy, was about six feet tall with hair to his shoulders and wearing a brown plaid shirt. The other, identified as the defendant, was shorter with a mustache and long hair and wore a dark V-neck sweater with a shirt underneath and a dark blue blazer jacket. The taller one said "This is a stick up"; the defendant opened his jacked exposing the butt of a pistol protruding from his waistband and said "Yeah, this is a stick up". The defendant grabbed the money from the cash register tray and shoved it into his pocket and motioned for the clerks to go to the back of the store. Both men ran out of the front door. Ann Mendicino, one of the store clerks, ran out of the back door and observed a car with a broken tail light pulling out onto the highway.

The police were called, told of the robbery and informed that the men had left in a green LTD with the right tail light burned out. The officer testified that while on patrol he received the radio call at 8:20 P.M. with the information about set forth. The officer proceeded to Route 60 and after travelling about a mile and one-half saw the green Ford that fit the description and gave chase for about five miles in a northerly direction. During this time, the siren was sounding. When first spotted, Kennedy was driving with the defendant also seated in the front seat of the car. Two girls with a boy between them were in the back seat. They were stopped by ramming. The defendant jumped from the car, but when a couple of shots were fired in the air he "bit the dust" and was arrested. Kennedy was apprehended by other officers. At about 10:00 P.M., a line up of nine men including Kennedy and the defendant was held at the police station. The two clerks identified the two men. Two customers at the store when the robbery took place each identified Kennedy, but were not able to identify the defendant.

At trial, no mention on direct examination was made by the Commonwealth as to the line up. When defense counsel, during the course of his cross examination of Lucy Mendicino, the mother of one of the store clerks, indicated he was about to bring up the matter of the line up, the District Attorney asked for a side-bar conference. At side-bar, the Commonwealth advised the court that at the line up counsel for the defendant was not present which was his reason for not bringing up the line up, but advised the court that both clerks pointed out the defendant at the line up. The court then advised the Commonwealth that if the defendant raised the question, he would permit the Commonwealth to examine concerning it.

The defendant then cross examined Mrs. Mendicino concerning the line up and pointed out that she was unable to identify the defendant at the line up and now, seven months later, she is identifying him. She claimed to have recognized him because he pushed her while in the store, but that she was confused at the time of the line up.

■ Although the court at side bar admonished the defendant that if by cross examination of Mrs. Mendicino as to her failure to identify at the illegal line up that he would then permit the Commonwealth to present testimony as to identification made by the other witnesses who also identified the defendant in court, the defendant did exactly that. The defendant cross examined Mrs. Mendicino and she testified that she did not identify him at the line up and explained it by saying she was confused. The Commonwealth then called one of the police officers who was permitted over defense objection to testify that the two store clerks did identify the defendant at the line up. The lower court's opinion was to the effect that since the defendant opened up the line up matter on cross examination that, in fairness, the Commonwealth could present the evidence it did. However, this holding flies in the face of *Commonwealth v. Billig*, 264 Pa.Super. 199, 399 A.2d 735 (1979) which under similar circumstances with the exception that it was a

photo spread and not a line up held that such testimony of prior consonant statements was hearsay and inadmissible.

As Judge Lipez pointed out in *Billig*, supra at page 737:

"Ordinarily a witness' prior statement is not admissible to corroborate or substantiate present testimony. However, as an exception to the hearsay rule it is admissible as a prior consonant statement if it is alleged the present testimony is recently fabricated or that the witness is testifying from corrupt motives. *Commonwealth v. Ravenell*, 448 Pa. 162, 169, 292 A.2d 365 (1972). It is admissible not as to the truth of the stated facts, but solely to bolster credibility. *Commonwealth v. Martin*, 124 Pa.Super. 293, 188 A.2d 407 (1936). The prior consonant rule is not only applicable to statements, but to identification testimony as well. *Commonwealth v. Westwood*, 324 Pa. 289, 306, 188 A. 304, 311 (1936). The testimony of the detective as to the acts of identification by the witnesses at the photo array is, we think, 'on a parity . . . with any purely verbal statements.' See McCormick on Evidence 2nd Ed. 596. Therefore at least as to the three witnesses who had not been cross-examined as to the prior photo-identification, the admission of the detective's testimony was error."

See also *United States ex rel. Boelter v. Cuyler*, 486 F.Supp. 1141 (1980). The contention that the testimony was de minimus was not raised by the Commonwealth. *Commonwealth v. Billig*, supra, at page 738.

■ The contentions that the defendant was entitled to a lesser included charge under the circumstances of the case is without merit. The events in this case constitute robbery and not theft. A pistol was displayed to force the victims to submit to theft. "There is no duty on a trial judge to charge upon the law which has no applicability to presented facts." *Commonwealth v. Wilds*, 240 Pa.Super. 278, 362 A.2d 273 (1976). The court was correct in refusing to charge on simple theft.

■ There was continuous pursuit by the arresting officers from the scene of the crime to the point of arrest.

Arrest was made outside their municipality in accordance with *42 Pa.C.S.A. 8901*. See *United States v. Getz*, 381 F.Supp. 43 (1974).

Judgment of sentence is reversed and new trial granted.

HOFFMAN, J., concurs in the result.