431 A.2d 992

**COMMONWEALTH of Pennsylvania**

v.

**James STETLER, Appellant.**

Supreme Court of Pennsylvania.

Submitted Jan. 30, 1981.

Decided July 8, 1981.

Steven H. Serota, Philadelphia, Philadelphia County, (Court-appointed), for appellant.

Robert B. Lawler, Chief, Appeals Div., Steven Cooperste, Philadelphia, Philadelphia County, for appellee.

Before O'BRIEN, C. J., and ROBERTS, NIX, LARSEN, FLAHERTY and KAUFFMAN, JJ.

## OPINION OF THE COURT

ROBERTS, Justice.

Appellant James Stetler was convicted by a jury of voluntary manslaughter and possession of an instrument of crime for his involvement in the shooting death of his next-door neighbor, Robert Mendel. On these appeals, appellant asserts a number of claimed errors in support of his contention that he should be granted a new trial. Review of the record convinces us that there is no basis for relief. Hence, we affirm.

The shooting occurred at approximately 10:30 p. m., May 7, 1977. By the Commonwealth's evidence, shortly before the shooting the victim's wife Nancy Mendel was forced from her residence and assaulted by James Horner (former

husband of appellant's wife Geraldine Stetler) and Edwin Meredith (friend of the Stetlers and Horner). The Commonwealth sought to establish that, while standing on the front porch common to the Mendel and Stetler residences and waiting for police to arrive, the victim was pulled inside the Stetler residence and shot in the back several times by David Horner (son of James Horner and Geraldine Stetler) and once by appellant.

Appellant admitted that he had shot the victim, but claimed self-defense. According to appellant, the shooting occurred after the victim had burst without provocation into the Stetler residence, swinging a bat at those inside. Appellant maintained that he had used the gun only to frighten the victim.

The jury rejected the Commonwealth's charges of murder and conspiracy, and returned guilty verdicts on the charges of voluntary manslaughter and possession of an instrument of crime. Maximum consecutive sentences were imposed, totalling seven and one-half to fifteen years' imprisonment.

■ Appellant's first assignment of error relates to trial testimony of Philadelphia Detective Terrence Gibbs, who had immediately investigated the alleged homicide. Gibbs testified that Nicola Stetler (appellant's four year-old daughter) had told him, "My mommie didn't do anything. My daddy shot Mr. Mendel. He busted down our door." The trial court admitted the out-of-court statement under the "excited utterance" exception to the rule against hearsay. Appellant contends that this out-of-court statement failed to satisfy the excited utterance exception and should not have been admitted.

We agree with appellant that the out-of-court statement of Nicola Stetler should not have been admitted. Wholly absent here is the required showing that "the declarant perceived the happening which he or she is talking about." *Commonwealth v. Pronkoskie*, 477 Pa. 132, 139, 383 A.2d 858, 861 (1978) (youthful declarant's statement inadmissible as "there is nothing to indicate that [the declarant] actually

saw what occurred"). However, the record fails to disclose any basis for concluding that the out-of-court statement prejudiced appellant. Indeed, the statement supported appellant's claim of self-defense. Cf. *Commonwealth v. Carr*, 459 Pa. 262, 266, 328 A.2d 512, 514 (1974) (error in admitting police officer's notes of appellant's questioning harmless where "notes were almost identical to appellant's trial testimony"). See generally *Commonwealth v. Story*, 476 Pa. 391, 410, 383 A.2d 155, 164–65 (1978) (error harmless "[w]hen the record reveals that [the] error did not prejudice the defendant, or that the prejudice was so minimal that, beyond a reasonable doubt, it did not influence the jury ...").

Appellant's second claim of error concerns the admission of a set of color photographs of the wife of the victim, taken one week after the alleged assault against her and the shooting of her husband. Examination of the record convinces us that the trial court did not commit an abuse of discretion. The photographs are not unduly inflammatory, and the Commonwealth properly introduced the photographs to confirm the wife's testimony. No relief is warranted. See, e. g., *Commonwealth v. Petrakovich*, 459 Pa. 511, 521, 329 A.2d 844, 849 (1974); *Commonwealth v. Powell*, 428 Pa. 275, 278–79, 241 A.2d 119, 121 (1968).

Appellant's third claim relates to the timing of his access to a statement Nancy Mendel had given to police. Appellant was furnished a copy of the statement during the Commonwealth's direct examination of Nancy Mendel. See, e. g., *Commonwealth v. Hamm*, 474 Pa. 487, 378 A.2d 1219 (1977). On the previous day of trial, appellant had been denied a copy during the Commonwealth's direct examination of the officer who took the statement. Appellant maintains that the previous day's denial precluded effective cross-examination of the officer. However, appellant fails to demonstrate that the trial court's ruling prejudiced his ability to cross-examine either Nancy Mendel or the officer taking the statement. Failure to demonstrate prejudice is fatal to appellant's claim. Compare *Hamm*, supra, 474 Pa. at 502, 378 A.2d at 1219 (case remanded for inquiry into

prejudice where defense counsel not permitted access to statements).

■ Fourth among appellant's assertions of error is the claim that a police sergeant who investigate the shooting impermissibly expressed an opinion that a stair railing inside the Stetler home had been dislodged before the shooting. The sergeant, who conducted his investigation about two and one-half hours after the shooting, based his opinion on the absence of debris in the area surrounding the railing. Appellant contends that the sergeant's opinion testimony was beyond his area of expertise, and that prejudice occurred because the testimony contradicted appellant's position that the damage to the railing occurred during the incident leading to the shooting.

Like appellant, we do not believe that the sergeant's opinion related to his investigatory expertise. See *Commonwealth v. Crawford*, 468 Pa. 565, 364 A.2d 660 (1976). However, the record fails to disclose any defense evidence, either by way of appellant's testimony or otherwise, indicating that the victim had damaged the railing upon entry of the residence. Indeed, the only reference to dislodging of the railing appears in the undisputed testimony of a police officer who, approximately one week before the shooting, had investigated an earlier confrontation between the victim and appellant. Thus, even if the police sergeant exceeded the scope of his expertise, his testimony was merely cumulative of other properly admitted evidence and, on this record, harmless. See *Commonwealth v. Story*, 476 Pa. 391, 411–12 nn. 20–21, 383 A.2d 155, 165 nn. 20–21 (1978) (citing cases).

■ Appellant's fifth assignment of error challenges the sergeant's testimony, on Commonwealth redirect examination, that except for a statement given by co-defendant Edwin Meredith, statements of other co-defendants indicated that appellant had fired a gun. Appellant objects to this testimony again on the ground that the testimony constituted improper opinion evidence on a matter that should have been left for the jury.

On direct examination the police sergeant stated that his examination of the victim indicated that more than one weapon had been fired. Thus the sergeant had all persons present at the scene of the shooting questioned. The sergeant stated that, as a result of the questioning, all five persons at the Stetler residence at the time of the shooting, including appellant, were arrested. On cross-examination, defense counsel pursued the subject of the suspects' statements:

"Q. You recognized upon reading these reports and talking to these people that the information that they had could not possibly be accurate based on your observations and determination of more than one weapon was involved, right?

A. Are you speaking collectively? That they were all incorrect?

Q. Not necessarily all but you weren't getting the whole truth from everybody?

A. Collectively, no.

Q. I take it, therefore, that at that point you presented the other detectives, the interviewing detectives, with what you and [another officer] had found out or what you believed to be true; isn't that right?

A. That is a portion of it, yes.

Q. And after that, further interviews were conducted; is that right?

A. Yes."

From this line of questioning it is clear that the redirect testimony to which appellant objects merely confirmed the sergeant's testimony, on cross-examination, that he was aware that he had not received an accurate account from the suspects. Appellant cannot prevail on a complaint against redirect testimony which clarifies a matter which he raised on cross-examination. See McCormick on Evidence § 57 at 132 (Cleary ed. 1972).

Appellant's sixth claim challenges the Commonwealth's introduction of testimony seeking to establish the

victim's reputation as a peaceful and law-abiding citizen. There is no dispute that the Commonwealth was entitled to present this evidence. Appellant's complaint goes only to the timing of the Commonwealth's presentation, contending that the evidence was improperly presented during the Commonwealth's case in chief.

It is well established that the Commonwealth cannot offer evidence of the victim's reputation unless and until the victim's reputation is put in issue by the defense. *Commonwealth v. Story*, 476 Pa. 391, 403, 383 A.2d 155, 161 (1978). See generally *Commonwealth v. Castellana*, 277 Pa. 117, 121 A. 50 (1923). However, it is equally settled "that the order of presentation of evidence is a matter for the sound discretion of the trial court." *Commonwealth v. Koch*, 446 Pa. 469, 478, 288 A.2d 791, 795 (1972). This discretion encompasses "admission in chief of evidence which is of a rebutting character." II Henry on Pennsylvania Evidence § 729 at 161 n. 96 (1953) (citing cases).

Appellant has failed to show any prejudice resulting from the court's ruling on the timing of the Commonwealth's presentation. "[F]or a court of error to enter minutely into matters of [this] kind, would be to intrench unnecessarily on the right of the court below, and to embarrass the administration of justice, instead of assisting it." *Salmon v. Rance*, 3 S. & R. 310, 313–14 (Pa.1817). Appellant cannot prevail on this claim.

■ Appellant's seventh challenge relates to the trial court's refusal to permit him to introduce the entire record of the testimony of Geraldine Stetler at her trial for the shooting. At appellant's trial, Geraldine Stetler testified that appellant and David Horner had shot the victim in self-defense. She also stated that, after the shooting, she had taken a .22 calibre rifle from David Horner, and directed everyone at the scene to tell police that she had shot the victim. Additionally, she stated that she did not see what had happened to the .308 calibre rifle which appellant had fired. In rebuttal, the Commonwealth presented the testimony of a court reporter. The reporter stated that, at her

562

trial, Geraldine Stetler testified that appellant gave the .308 rifle to David Horner, who took the gun away. At the conclusion of the court reporter's rebuttal testimony, the trial court denied appellant's request to have the court reporter read all of Geraldine Stetler's previous testimony.

The record indicates that, although the notes of Geraldine Stetler's previous testimony had not been transcribed, the court reporter was fully available to appellant. Nonetheless, appellant has failed to show that any relevant testimony was excluded as a result of the trial court's ruling. Thus, as with his previous claim, appellant again fails to establish that he was in any respect prejudiced by the trial court's ruling.

 Appellant's eighth claimed error challenges that portion of the prosecuting attorney's opening statement making reference to the existence of a history of altercations between the Mendels, the Horners, and the Stetlers. Our case law is clear that "[a] district attorney's remarks in his opening statement must be fair deductions from the evidence the Commonwealth in good faith expects to develop, not merely assertions intended to inflame the passions of the jury." *Commonwealth v. Hughes*, 477 Pa. 180, 187, 383 A.2d 882, 886 (1978) (citing cases). We are satisfied that the prosecutor's reference to the prior altercations was, on this record, a proper opening statement. See *Commonwealth v. Ulatoski*, 472 Pa. 53, 371 A.2d 186 (1977).

 Ninth, despite the jury's verdict of guilty of voluntary manslaughter, appellant claims that the Commonwealth abused its discretion by certifying that the degree of homicide in its case against David Horner rose no higher than murder of the third degree, but not so certifying its case against appellant. Appellant contends that the discrepancy in charges is attributable solely to the ages of the two defendants. On this record, revealing no arbitrary, vindictive, or selective prosecution, we see no basis for disturbing the manner in which the prosecutor exercised the charging function. See *Oyler v. Boles*, 368 U.S. 448, 82 S.Ct. 501, 7

L.Ed.2d 446 (1962); *United States v. Wilson*, 639 F.2d 500 (9th Cir. 1981).

◼ Appellant's tenth allegation relates to the trial court's ruling permitting a police officer to read transcripts he prepared of emergency phone calls received by police in connection with the shooting. One of the calls was from appellant who, before the fatal shooting, had told police that "somebody next door just hit my buddy with a bat" and, "Hurry up, because I'm going to have my gun. I'm going to take his head off." After the transcripts were read, tape recordings of the same calls were also played to the jury. Appellant complains that the playing of the tape recordings should have been sufficient.

Appellant has not disputed either the completeness or the accuracy of the transcript read to the jury. He was afforded full opportunity to cross-examine the officer who prepared and read the transcripts. We are satisfied that the trial court properly exercised its discretion in permitting the procedure employed here. Cf. *United States v. Johnson*, 363 F.Supp. 711 (E.D.Pa.1971), aff'd, 492 F.2d 1239 (3d Cir. 1974) (approving procedure where jury read transcript while tape was played).

◼ Appellant's eleventh claim challenges the propriety of the Commonwealth's cross-examination of a defense reputation witness. The witness testified that appellant had an "excellent" reputation for being a law-abiding, peaceful citizen. On cross-examination, the prosecutor asked the witness if she had ever been in the company of appellant at social events. After the witness responded in the affirmative, the following colloquy ensued:

"Q. Was Mr. Stetler a drinker?

A. We all—well, heavy drinker, you mean?

Q. Yes.

A. At times we all are heavy drinkers."

On redirect, the witness indicated that appellant did not display violent tendencies while "drinking heavily." On recross-examination, purportedly calling upon the witness's

familiarity with appellant's reputation "for being a peaceful and law-abiding person," the prosecutor asked the witness whether she knew that, about one year before the shooting, appellant had been arrested and convicted for driving under the influence of alcohol. The court sustained defense objection and told the jury, "[d]on't concern yourselves with any past convictions of driving while intoxicated. We are not concerned about that." The court denied the defense's request for a mistrial. This ruling is now challenged.

Although the Commonwealth suggests that the prosecuting attorney's questioning on recross-examination was proper, and that the trial court acted out of an "abundance of caution" in sustaining defense objection, the record is clear that the trial court correctly sustained the objection. Notwithstanding the prosecutor's allusion to the witness's familiarity with appellant's community reputation, the clear thrust of the prosecutor's questioning of the reputation witness was to put before the jury the fact that appellant had been previously convicted of driving while intoxicated. Such questioning is impermissible. See *Commonwealth v. Jenkins*, 413 Pa. 606, 198 A.2d 497 (1964). See also McCormick on Evidence § 191 at 457 n. 74 (Cleary ed. 1972).

However, we agree with the trial court that the error is not of sufficient magnitude to warrant relief. Manifestly, there is the danger that, finding a previous offense, the jury will "short cut the reputation process and use it more directly to convict in the case on trial." McCormick, supra. But here the conviction of driving while intoxicated could have little bearing on the offenses with which appellant presently was charged. Evidence of the conviction added little to the undisputed fact that appellant drank on occasion, and intoxication was irrelevant both to the Commonwealth's case and to appellant's.

The twelfth contention challenges the admission of evidence tending to show harassment of the victim, including evidence that approximately one week before the shoot-

ing, firecrackers had been thrown at the victim and a gun was pointed at the victim while the victim was at home. However, this challenged evidence in no respect implicated appellant. Appellant has failed to show how this evidence prejudiced him. See *Commonwealth v. Story*, supra, 476 Pa. at 410, 383 A.2d at 155.*

In his thirteenth claim, appellant asserts that the Commonwealth improperly questioned him concerning his failure to tell police that he shot the victim in self-defense. In appellant's view, such questioning constituted improper comment upon his constitutional right to remain silent. See, e. g., *Commonwealth v. Easley*, 483 Pa. 337, 396 A.2d 1198 (1979). But appellant did not remain silent following arrest. Instead, he presented a version of the shooting to police which he later admitted, at trial, to be false. As in a recent case, "[t]he prosecutor was merely attempting to impeach appellant's credibility by pointing out an inconsistency between appellant's post-arrest statement and his trial testimony." *Commonwealth v. Beavers*, 492 Pa. 522, 531, 424 A.2d 1313, 1318 (1981). The right to remain silent has not been intruded upon, and relief is not warranted.

In his final contention appellant challenges the sentence imposed, on the grounds that the sentence is excessive and that the court failed to state its reasons adequately. See generally *Commonwealth v. Kostka*, 475 Pa. 85, 389 A.2d 884 (1977); *Commonwealth v. Riggins*, 474 Pa. 115, 377 A.2d 140 (1977). Appellant was sentenced on November 29, 1978, well after July 1, 1978, when Pa.R.Crim.Proc. 1410 became effective. Under Rule 1410, appellant was obliged to file a written motion to modify sentence within ten days. His failure to do so precludes appellate review. See, e. g., *Commonwealth v. Ruschel*, 280 Pa.Super. 187, 421 A.2d 468

* In a related argument, appellant objects to police testimony that co-defendant Meredith was very arrogant after the shooting. Again, appellant has failed to show prejudice. See *Commonwealth v. Story, supra.*

(1980). See also *Commonwealth v. Clair*, 458 Pa. 418, 326 A.2d 272 (1974).

Judgment of sentence affirmed.