J-A20016-15

**NON-PRECEDENTIAL DECISION - SEE SUPERIOR COURT I.O.P. 65.37**

| | |
|---|---|
| COMMONWEALTH OF PENNSYLVANIA, | IN THE SUPERIOR COURT OF PENNSYLVANIA |
| Appellee | |
| v. | |
| MARCUS CARY, | |
| Appellant | No. 1956 EDA 2014 |

Appeal from the Judgment of Sentence June 6, 2014
In the Court of Common Pleas of Philadelphia County
Criminal Division at No(s): CP-51-CR-0008046-2013

BEFORE:  DONOHUE, SHOGAN, and WECHT, JJ.

MEMORANDUM BY SHOGAN, J.:                **FILED SEPTEMBER 14, 2015**

Appellant, Marcus Cary, appeals from the judgment of sentence entered following his convictions of recklessly endangering another person and fleeing or attempting to elude a police officer.  We affirm in part, reverse in part, vacate the judgment of sentence, and remand for resentencing.

The trial court summarized the history of this case as follows:

**STATEMENT OF FACTS**

On April 2, 2013, Philadelphia Police Officer Jorge Soto was involved in a plain clothes narcotics investigation in the 500 block of North Groves Street, Philadelphia.  N.T. 06/06/14, at 8. Officer Soto observed a white female, Judy Veccio, approach and enter into the passenger seat of a Silver Dodge Avenger, driven by [Appellant].  N.T. 06/06/14, at 8.  Officer Soto then observed Veccio exchange an unknown amount of United States currency for unknown items, which were poured into Veccio's hands by [Appellant].  N.T. 06/06/14, at 9.  As Officer Soto relayed flash

information regarding the observation to backup officers, Veccio exited the vehicle, and [Appellant] took off at a high rate of speed, nearly striking Soto's Sergeant, who had reported to the scene and pulled up right next to the driver's side door of the Avenger. N.T. 06/06/14, at 9. Two days later, Officer Soto identified [Appellant] as being the person in the vehicle at the crime scene after having been shown a single photograph by detectives. N.T. 06/06/14, at 17.

## PROCEDURAL HISTORY

[Appellant] was arrested and charged with Manufacture, Delivery, or Possession With Intent to Manufacture [or] Deliver (35 P.S. § 780-113 §§ A30), Intentional Possession of a Controlled Substance By a Person who is Not Registered (35 P.S. § 780-113 §§ A16), Recklessly Endangering Another Person (18 PA.C.S.A. § 2705), and Fleeing or Attempting to Elude an Officer (75 PA.C.S.A. § 3733 §§ A).

On July 10, 2013, [Appellant] filed a Motion to Suppress Identification, which was subsequently denied on October 1, 2013.

[Appellant] waived his right to a jury trial, and instead elected to have a bench trial. On June 6, 2014, this Court found [Appellant] guilty of Recklessly Endangering Another Person and of Fleeing or Attempting to Elude an Officer. [Appellant] was found not guilty of all other charges. [Appellant] was sentenced to two (2) years of probation for Recklessly Endangering Another Person, and two (2) years of probation for Fleeing or Attempting to Elude an Officer, to be served consecutively. Court costs of $427 were imposed upon [Appellant].

Trial Court Opinion, 10/28/14, at 1-2. This timely appeal followed. Both

Appellant and the trial court have complied with Pa.R.A.P. 1925.

Appellant presents the following issues for our review:

A. WAS IT ERROR AND AN ABUSE OF DISCRETION FOR THE COURT BELOW TO DENY APPELLANT'S MOTIONS FOR A LINE-UP AND SUPPRESSION OF IDENTIFICATION IN LIGHT OF THE SUGGESTIVE SINGLE PHOTO IDENTIFICATION USED BY THE POLICE IN THE CASE AT BAR?

B. WAS IT ERROR FOR THE COURT TO FIND APPELLANT GUILTY OF VIOLATING 75 Pa.C.S.A. §3733 WHERE THERE WAS INSUFFICIENT EVIDENCE OF THE ELEMENTS OF PURSUIT AND VISUAL AND AUDIBLE SIGNAL, BOTH OF WHICH ARE NECESSARY ELEMENTS OF THE OFFENSE?

Appellant's Brief at 2.

Appellant first argues that the trial court erred by improperly admitting into evidence the in-court identification testimony offered by Officer Soto.[1]

Specifically, Appellant contends that Officer Soto's in-court identification of

_____

[1] We note that Appellant has included in the statement of his issues in his appellate brief a passing reference that the trial court erred in failing to grant his request for a line-up. Appellant's Brief at 2. To the extent Appellant attempts to argue that the trial court improperly denied his request for a line-up, we observe that Appellant has failed to properly develop this issue for appellate review. It is undisputed that the argument portion of an appellate brief must be developed with pertinent discussion of the issue, which includes citations to relevant authority. Pa.R.A.P. 2119(a). *See Commonwealth v. Genovese*, 675 A.2d 331, 334 (Pa. Super. 1996) (stating that "[t]he argument portion of an appellate brief must be developed with a pertinent discussion of the point which includes citations to the relevant authority"). Where an appellant has failed to cite any relevant authority in support of a contention, the claim is waived. *Commonwealth v. Luktisch*, 680 A.2d 877, 879 n.1 (Pa. Super. 1996). We decline to review an appellant's argument that contains no discussion of or citation to relevant authority. *Commonwealth v. Russell*, 665 A.2d 1239, 1246 (Pa. Super. 1995).

The argument section of Appellant's brief addressing Appellant's first issue focuses upon the proper admission of Officer Soto's in-court identification of Appellant, and merely consists of general statements without any citation to relevant authority supporting his allegation that the trial court erred in denying a request for a line-up. Appellant's Brief at 6-7. Accordingly, because Appellant has not developed any significant argument relating to the claim of trial court error in denying a request for a line-up in the argument section of his appellate brief, we deem this portion of the issue to be waived.

Appellant should have been suppressed because Officer Soto's single-photograph identification of Appellant two days after the incident was inherently suggestive and, therefore, tainted the officer's in-court identification of Appellant. We disagree.

In reviewing a suppression ruling, "we determine whether the court's factual findings are supported by the record and whether the legal conclusions drawn from them are correct." *Commonwealth v. Mitchell*, 902 A.2d 430, 450-451 (Pa. 2006). Where the party seeking review was the defendant below, we "consider only the evidence offered by the Commonwealth and so much of the evidence for the defense which remains uncontradicted when fairly read in the context of the whole record." *Id*. at 451. Where the record supports the suppression court's findings of fact, we are bound by them and may reverse only if the legal conclusions drawn therefrom are in error. *Id.*

"In reviewing the propriety of identification evidence, the central inquiry is whether, under the totality of the circumstances, the identification was reliable." *Commonwealth v. Moye*, 836 A.2d 973, 976 (Pa. Super. 2003). An eyewitness's in-court identification of the accused is reliable where its basis is independent of suggestive pretrial procedures. *Commonwealth v. Kendricks*, 30 A.3d 499, 506 (Pa. Super. 2011) (citing *Commonwealth v. Abdul-Salaam*, 678 A.2d 342, 349 (Pa. 1996)). The Commonwealth must show "by clear and convincing evidence that the

identification was not induced by events occurring between the time of the crime and the in-court identification." ***Commonwealth v. Carter***, 643 A.2d 61, 71 (Pa. 1994). To determine whether an independent basis exists for a witness's identification, a court must consider these five factors:

> (1) the opportunity of the witness to view the criminal at the time of the crime; (2) the witness's degree of attention; (3) the accuracy of the witness's prior description of the criminal; (4) the level of certainty demonstrated by the witness during the confrontation; and (5) the length of time between the crime and the confrontation.

***Kendricks***, 30 A.3d at 506. The corrupting effect of the suggestive identification, if any, must be weighed against these factors. ***Moye***, 836 A.2d at 976. In addition, a witness's prior familiarity with the accused creates an independent basis for the witness's in-court identification of the defendant. ***Commonwealth v. Ali***, 10 A.3d 282, 303 (Pa. 2010); ***Commonwealth v. Johnson***, 615 A.2d 1322, 1336 (Pa. Super. 1992).

In addressing this issue, the trial court offered the following discussion:

> From the evidence presented, it is clear that Officer Soto's identification of [Appellant] at trial was purged of whatever taint, if any, was created by his previous single-photo identification of [Appellant]. The Commonwealth has shown by clear and convincing evidence that the witness's in-court identification of [Appellant] had an "independent origin," that is, that the source of the in-court identification was the witness's observation of [Appellant] during the incident and was independent of seeing the single photo. Officer Soto had a prior opportunity to observe the criminal act, as he was purposely at the scene of the crime for purposes of a narcotics investigation. N.T. 06/06/14, at 8. This Court cannot cite to any discrepancies made between the pre-confrontation description and [Appellant's] actual

appearance. The lapse in time between the criminal act and the photo identification was only two days. N.T. 06/06/14, at 17. While Officer Soto was observing [Appellant] at night, he did so with binoculars at a short distance of seven (7) to ten (10) feet and with a full view of his face in the vehicle without any obstruction. N.T. 06/06/14, at 11. Furthermore, [Officer] Soto's observation of [Appellant] at the crime scene was particularly attentive because he was intentionally waiting for [a narcotics] interaction to occur. N.T. 06/06/14, at 8. Finally, Officer Soto has not testified as to any uncertainty in identifying [Appellant] in the photograph. Accordingly, we cannot conclude that the Court has erred in denying the motion to suppress the in-court identification testimony, or that the identification process in the instant case was prejudicial to [Appellant].

Trial Court Opinion, 10/28/14, at 4.

We agree with the trial court in this regard. Contrary to Appellant's argument, Officer Soto's exposure to Appellant's photograph did not render his identification of Appellant improper or tainted by suggestiveness. Being present at the scene to conduct narcotics surveillance, Officer Soto had an independent basis, aside from the photograph, for his identification of Appellant as the perpetrator. N.T., 10/1/13, at 5-10. Officer Soto testified that he had seen Appellant in photographs prior to the incident in question. N.T., 10/1/13, at 17-18; N.T., 6/6/14, at 11. Immediately after Appellant drove away, Sergeant Linder, who was nearly struck by Appellant's vehicle as the sergeant stood next to the car, approached Officer Soto and identified Appellant by name. N.T., 10/1/13, at 8-9, 14-15. Likewise, Sergeant Linder, *via* stipulated testimony at trial, identified Appellant through his prior knowledge of Appellant and observations the sergeant made during the incident. N/T, 6/6/14, at 18-19. Thus, Officer Soto's view of the single

photograph of Appellant after the incident simply allowed the police to add additional confirmation of the name of the perpetrator. Accordingly, admission of Officer Soto's identification was proper, and as such, Appellant's claim fails.

In addition, the Commonwealth contends that, even if permitting Officer Soto's in-court identification of Appellant was erroneous, it was essentially harmless error because it was cumulative of Sergeant Linder's stipulated identification of Appellant. Our Supreme Court has explained:

> Harmless error exists if the reviewing court is convinced from the record that (1) the error did not prejudice the defendant or the prejudice was de minimis, (2) the erroneously admitted evidence was merely cumulative of other untainted evidence, or (3) the properly admitted and uncontradicted evidence of guilt was so overwhelming and the prejudicial effect of the error was so insignificant by comparison that the error could not have contributed to the guilty verdict.

*Commonwealth v. Petroll*, 738 A.2d 993, 1005 (Pa. 1999). Evidence will be considered cumulative if three requirements are met:

> (1) There should be a substantial similarity, in the type of evidence and the incriminating factual details between the tainted evidence and the untainted evidence of which it is "cumulative." (2) The untainted evidence should be indisputable, either because the facts are in some way affirmatively accepted by the defendant or for other reasons. (3) Care should be taken that the "untainted" evidence in no way derives from the tainted evidence.

*Commonwealth v. Billig*, 399 A.2d 735, 738 (Pa. Super. 1979) (citation omitted).

In this case, the admission of Officer Soto's identification testimony was not prejudicial. Rather, it provided identification by an additional independent witness who confirmed Appellant as the driver of the vehicle. As our review of the certified record reflects, at the nonjury trial, the parties stipulated that Sergeant Linder was present and that he would testify that he recognized Appellant and immediately told Officer Soto Appellant's name.[2] This untainted identification evidence from Sergeant Linder, which had been

_____

[2] Regarding the stipulation of Sergeant Linder's testimony, the following transpired:

> THE COURT: Now, [Sergeant] Linder, what do you need [Sergeant] Linder for?
>
> [ASSISTANT DISTRICT ATTORNEY]: [Sergeant] Linder is going to testify that he approached the vehicle and saw [Appellant], immediately told [Officer] Soto who the person was because he had prior knowledge of who the person was and then [Appellant] sped off almost striking him.
>
> THE COURT: Didn't [Officer] Soto just testify to that?
>
> [ASSISTANT DISTRICT ATTORNEY]: Yes, I mean. I'm just going to, if counsel can stipulate to what I just said there.
>
> THE COURT: Bring [Sergeant Linder] in.
>
> DEFENSE COUNSEL: I'll stipulate that that's what [Sergeant Linder is] going to say.
>
> THE COURT: Okay. [Sergeant] Linder is going to come in and say, "[Officer Soto] called me. I went up to the car. [Appellant] sped off. [Appellant] almost struck me. I told [Officer Soto] who [Appellant] was. . . ."

N.T., 6/6/14, at 18-19.

- 8 -

properly admitted by stipulation, was sufficiently strong so that the testimony of Officer Soto could not, in itself, have contributed to the verdict. Officer Soto's identification testimony was merely cumulative of Sergeant Linder's stipulated identification testimony. Therefore, we conclude that any possible error in admitting the identification evidence provided by Officer Soto was harmless. Thus, Appellant's issue fails.

In his second issue, Appellant argues that the Commonwealth failed to prove the necessary elements for his conviction of fleeing or attempting to elude an officer. Specifically, Appellant notes the Commonwealth failed to establish beyond a reasonable doubt that he ignored visual and audible signals by the police to stop his vehicle.

When reviewing a challenge to the sufficiency of the evidence, we evaluate the record in the light most favorable to the Commonwealth as verdict winner, giving the prosecution the benefit of all reasonable inferences to be drawn from the evidence. **Commonwealth v. Duncan**, 932 A.2d 226, 231 (Pa. Super. 2007) (citation omitted). "Evidence will be deemed sufficient to support the verdict when it establishes each material element of the crime charged and the commission thereof by the accused, beyond a reasonable doubt." **Id**. (quoting **Commonwealth v. Brewer**, 876 A.2d 1029, 1032 (Pa. Super. 2005)). However, the Commonwealth need not establish guilt to a mathematical certainty, and it may sustain its burden by means of wholly circumstantial evidence. **Id**. In addition, this Court may

not substitute its judgment for that of the factfinder, and where the record contains support for the convictions, they may not be disturbed. *Id*. Lastly, we note that the finder of fact is free to believe some, all, or none of the evidence presented. *Commonwealth v. Hartle*, 894 A.2d 800, 804 (Pa. Super. 2006).

The crime of fleeing or attempting to elude a police officer is defined in the Motor Vehicle Code as follows:

> **§ 3733. Fleeing or attempting to elude police officer.**
>
> **(a) Offense defined. --** Any driver of a motor vehicle who willfully fails or refuses to bring his vehicle to a stop, or who otherwise flees or attempts to elude a pursuing police officer, **when given a visual and audible signal to bring the vehicle to a stop**, commits an offense as graded in subsection (a.2).

75 Pa.C.S. § 3733(a) (emphasis added).

Our thorough review of the record reflects that the Commonwealth failed to present any evidence that police gave Appellant a visual and audible sign to bring his vehicle to a stop.[3] N.T., 6/6/14, at 7-20. Likewise, the

---

[3] We note that the trial court states in its opinion that "[i]n this case, the Commonwealth proved by **clear and convincing evidence** that [Appellant] refused to bring his vehicle to a stop when Sergeant Linder gave him audible and visual signals to stop his vehicle." Trial Court Opinion, 10/28/14, at 5 (emphasis added). However, the record reflects no such evidence was ever presented to the trial court. Moreover, the correct burden of proof for the Commonwealth is not "clear and convincing evidence." Rather, the Commonwealth must establish all elements of the crime beyond a reasonable doubt.

Commonwealth has conceded that Appellant must be granted relief on this particular issue.[4] Commonwealth's Brief at 17-18.

Accordingly, we reverse Appellant's conviction for fleeing or attempting to elude a police officer and vacate his judgment of sentence. Because our reversal is based upon insufficient evidence, Appellant cannot be re-tried for fleeing or attempting to elude a police officer, and he is discharged as to that

_____

[4] We observe that the Commonwealth has included in its brief the following discussion on this issue:

> III. BECAUSE THE EVIDENCE WAS INSUFFICIENT TO SUSTAIN [APPELLANT'S] CONVICTION OF FLEEING OR ATTEMPTING TO ELUDE A POLICE OFFICER, THE COMMONWEALTH DOES NOT OPPOSE RELIEF ON THIS LIMITED BASIS.
>
> Finally, [Appellant] challenges the sufficiency of the evidence sustaining his conviction of fleeing or attempting to elude a police officer. (Brief for Appellant at 8-9.) Upon review of the applicable law, the Commonwealth agrees that the testimony of record is inadequate to establish the "visual and audible signal" requirement of Section 3733 of the Motor Vehicle Code, notwithstanding the seriousness of [Appellant's] conduct of fleeing immediately upon the arrival of Sergeant Linder and maneuvering his car so as to nearly hit him with the vehicle. See 18 Pa.C.S. § 3733 (providing that "[a]ny driver of a motor vehicle who willfully fails or refuses to bring his vehicle to a stop, or who otherwise flees or attempts to elude a pursuing police officer, when given a visual and audible signal to bring the vehicle to a stop, commits an offense as graded in subsection (a.2)"). Accordingly, the Commonwealth does not oppose relief on this limited basis.

Commonwealth's Brief at 17-18. We commend the Commonwealth for its candor in this regard.

crime. In addition, because our reversal vacates his judgment of sentence for fleeing or attempting to elude a police officer, it upsets Appellant's sentencing scheme, and we remand for resentencing on the conviction of recklessly endangering another person.[5]

Judgment of sentence vacated. Case remanded for resentencing. Jurisdiction relinquished.

Judgment Entered.

Joseph D. Seletyn, Esq.
Prothonotary

Date: 9/14/2015

---

[5] *See Commonwealth v. Thur*, 906 A.2d 552, 569 (Pa. Super. 2006) (stating that "[i]f our disposition upsets the overall sentencing scheme of the trial court, we must remand so that the court can restructure its sentence plan.")