J. S14044/20

**NON-PRECEDENTIAL DECISION – SEE SUPERIOR COURT I.O.P. 65.37**

COMMONWEALTH OF PENNSYLVANIA : IN THE SUPERIOR COURT OF
: PENNSYLVANIA
v. :
:
GRANT A. BARBOUR, : No. 2831 EDA 2019
:
Appellant :

Appeal from the Judgment of Sentence Entered July 18, 2016,
in the Court of Common Pleas of Philadelphia County
Criminal Division at No. CP-51-CR-0000350-2015

BEFORE:  BOWES, J., KING, J., AND FORD ELLIOTT, P.J.E.

MEMORANDUM BY FORD ELLIOTT, P.J.E.:        **FILED JULY 22, 2020**

Grant A. Barbour appeals from the July 18, 2016 judgment of sentence entered by the Court of Common Pleas of Philadelphia County after appellant was convicted in a bench trial of attempted murder, aggravated assault, simple assault, terroristic threats, recklessly endangering another person ("REAP"), and possession of an instrument of crime ("PIC").[1]  The trial court sentenced appellant to an aggregate term of 18½ to 40 years' imprisonment. After careful review, we affirm.

The trial court set forth the following factual history:

> On the evening of October 26, 2014[, appellant's wife, Shneek Walker ("the victim")] was at her mother's home at 143 West Wyneva in the Germantown section of the city and county of Philadelphia.  Appellant

---

[1] 18 Pa.C.S.A. §§ 901(a), 2702(a)(1), 2701(a), 2706(a), 2705, and 907(a), respectively.

arrived to pick up [the victim] at or about 9:30 pm. [The victim,] who had previously taken Oxycodone, drove while appellant sat in the passenger seat. [The victim] drove toward I-76 Eastbound when the two began arguing. After reaching the highway, and while arguing, appellant got out of the car.[Footnote 1] After about ten minutes [he] returned to the car and [the victim] drove again.

> [Footnote 1] [The victim] previously testified that she was driving at a speed of forty (40) miles per hour when appellant got out of the car.

Once [the victim] reached a driving speed of approximately fifty-five miles per hour, appellant stated that he would kill himself and then said "we're both going to die tonight." Quickly thereafter, appellant reached over and grabbed the steering wheel "and yank[ed] it toward the left." The car struck the center-dividing wall and flipped over twice. EMS removed [the victim] from the car and transported her and appellant to the hospital.

Appellant repeatedly apologized and told [the victim] to "just tell everybody that [she] lost control of the car."

State Trooper Michelle Naab, Badge #11186, responded to the scene of the accident at or about 10:00 pm. Appellant was out of the car and walking. Appellant told Trooper Naab he had been asleep at the time of the crash. After the vehicle was towed, Troopers Naab and Revak went to HUP (University of Pennsylvania Hospital) to conduct interviews. Trooper Naab spoke with appellant first, as [the victim] was not in stable condition until several hours later. Trooper Naab took statements from [the victim] at 3:00 [a.m.] immediately following the accident on October 27, 2014, and again on October 29, 201[4].

[The victim] was hospitalized from October 26, 2014 until November 14, 2014. [The victim's] injuries included a broken fibula, punctured spleen, crushed

ribs, fracture of her thoracic spine, and four plates and sixteen screws in her ankle. [The victim] was transferred from trauma to the ICU where she underwent two surgeries. [The victim] was discharged to rehab and required another surgery to remove the screws and plates from her ankle.

Upon his release from the hospital on October 27, 2014, the morning following the accident, appellant was placed under arrest. . . .

. . . .

While he was in custody awaiting trial, appellant made repeated phone calls to [the victim] while she was in the hospital and continued once she was discharged. Eight of the call recordings were played for trial, following proper authentication, without objection.

Trial court opinion, 10/10/19 at 1-3 (citations to the record, footnotes, and extraneous capitalization omitted).

Following a bench trial, the trial court convicted appellant of the aforementioned crimes. On July 18, 2016, the trial court imposed sentence. Appellant filed a timely motion to reconsider sentence, which the trial court denied on July 26, 2016.

Appellant filed a timely notice of appeal. On August 2, 2018, this court dismissed appellant's appeal for failure to file a brief. ***Commonwealth v. Barbour***, No. 2785 EDA 2016, ***per curiam*** order (Pa.Super. filed Aug. 2, 2018). On September 7, 2018, appellant filed a petition pursuant to the Post Conviction Relief Act ("PCRA"),[2] seeking reinstatement of his direct appeal

---

[2] 42 Pa.C.S.A. §§ 9541-9546.

rights *nunc pro tunc*. The trial court reinstated appellant's direct appellate

rights *nunc pro tunc* on October 23, 2018. This court quashed appellant's

appeal *sua sponte* on July 12, 2019, for failing to file a timely notice of

appeal. *Commonwealth v. Barbour*, No. 3586 EDA 2018, *per curiam* order

(Pa.Super. filed July 12, 2019).

Appellant filed a PCRA petition on August 30, 2019, in which he sought

reinstatement of his direct appeal rights *nunc pro tunc*. The trial court

granted appellant's petition on September 24, 2019, and appellant filed a

notice of appeal that same day. The trial court did not order appellant to file

a concise statement of errors complained of on appeal pursuant to

Pa.R.A.P. 1925(b). On October 10, 2019, the trial court filed an opinion

pursuant to Pa.R.A.P. 1925(a).

Appellant raises the following issues for our review:[3]

> [I.]    Was the evidence insufficient to sustain the verdict?
>
> [II.]   Did the lower court abuse its discretion in allowing the Commonwealth to present evidence of recorded prison phone calls, where the evidence was not properly authenticated?
>
> [III.]  Did the lower court abuse its discretion in allowing the Commonwealth to present a transcript of recorded prison phone calls, where the transcript was inaccurate?
>
> [IV.]   Did the lower court abuse its discretion in allowing the Commonwealth to question the [victim] about prior inconsistent statements

---

[3] For ease of discussion, we have re-ordered appellant's issues.

- 4 -

made at a preliminary hearing where the prosecutor failed to establish that the [victim] recalled making the prior statement and that the prior statement was correct?

[V.] Did the lower court err in allowing the Commonwealth to introduce prior written statement [sic] by [the victim] where [the victim] and the interrogating officer failed to establish the statements were taken in a reliable, verbatim manner?

[VI.] Did the prosecutor commit misconduct in her closing argument when she introduced evidence of other bad acts, where that evidence was irrelevant and highly prejudicial?

[VII.] Did the prosecutor commit misconduct in her closing argument when she stated that this case evidenced the cycle of domestic violence, where there was no testimony elicited regarding such cycle?

[VIII.] Was the verdict against the weight of the evidence?

[IX.] Did the lower court abuse its discretion by considering other bad acts of [appellant] that were not criminally charged in determining the sentence?

Appellant's brief at 6-7.[4]

---

[4] Preliminarily, we note that appellant failed to divide the argument section of his brief into as many parts as there are questions to be answered pursuant to Pa.R.A.P. 2119(a). We have the authority to dismiss appeals for failing to comply with the Rules of Appellate Procedure and will do so in cases where such a failure hinders our ability to conduct meaningful appellate review. *In re R.D.*, 44 A.3d 657, 674 (Pa.Super. 2012), *appeal denied*, 56 A.3d 398 (Pa. 2012), citing *Commonwealth v. Hardy*, 918 A.2d 766, 771 (Pa.Super. 2007), *appeal denied*, 940 A.2d 362 (Pa. 2008); *see also* Pa.R.A.P. 2101 (requiring that briefs conform with all material aspects of the relevant Rules of Appellate Procedure and granting appellate courts the power to quash or

**I.**

We will first address appellant's sufficiency of the evidence issue, as a successful sufficiency of the evidence claim warrants a discharge of the pertinent crimes. *Commonwealth v. Scott*, 176 A.3d 283, 286 n.5 (Pa.Super. 2017), quoting *Commonwealth v. Torrito*, 67 A.3d 29, 33 (Pa.Super. 2013) (*en banc*), *appeal denied*, 80 A.3d 777 (Pa. 2013).[5]

When reviewing the sufficiency of the evidence, we use the following standard:

> As a general matter, our standard of review of sufficiency claims requires that we evaluate the record in the light most favorable to the verdict winner giving the prosecution the benefit of all reasonable inferences to be drawn from the evidence. Evidence will be deemed sufficient to support the verdict when it establishes each material element of the crime charged and the commission thereof by the accused, beyond a reasonable doubt. Nevertheless, the Commonwealth need

dismiss appeals in cases where defects in the brief are substantial). Here, because our ability to conduct meaningful appellate review has not been hindered despite appellant's violation of Rule 2119(a), we will not dismiss his appeal.

[5] Both the Commonwealth and the trial court contend that appellant has waived this issue on appeal because he did not raise the particular theory of evidentiary insufficiency in his Rule 1925(b) statement that he now raises before this court. (*See* Commonwealth's brief at 22; trial court opinion, 10/10/19 at 14.) The trial court did not order appellant to file a Rule 1925(b) statement on this particular appeal. As noted by the trial court, however, "[a]ppellant filed identical [Rule] 1925(b) statements on April 2, 2018 and December 28, 2018 for each of the previous appeals." (*Id.* at 9 n.14.) We, therefore, shall consider appellant's sufficiency of the evidence claim on its merits.

not establish guilt to a mathematical certainty. Any doubt about the defendant's guilt is to be resolved by the fact finder unless the evidence is so weak and inconclusive that, as a matter of law, no probability of fact can be drawn from the combined circumstances.

The Commonwealth may sustain its burden by means of wholly circumstantial evidence. Accordingly, [t]he fact that the evidence establishing a defendant's participation in a crime is circumstantial does not preclude a conviction where the evidence coupled with the reasonable inferences drawn therefrom overcomes the presumption of innocence. Significantly, we may not substitute our judgment for that of the fact finder; thus, so long as the evidence adduced, accepted in the light most favorable to the Commonwealth, demonstrates the respective elements of a defendant's crimes beyond a reasonable doubt, the appellant's convictions will be upheld.

*Commonwealth v. Franklin*, 69 A.3d 719, 722-23 (Pa.Super. 2013) (internal quotations and citations omitted). Importantly, "the [fact finder], which passes upon the weight and credibility of each witness's testimony, is free to believe all, part, or none of the evidence." *Commonwealth v. Ramtahal*, [] 33 A.3d 602, 607 ([Pa.] 2011).

*Commonwealth v. Sebolka*, 205 A.3d 329, 336-337 (Pa.Super. 2019).

In his argument, appellant contends that the Commonwealth presented insufficient evidence because the evidence against him consisted of an uncorroborated hearsay statement of "a single witness who recanted those statements under oath at trial." (Appellant's brief at 17.) In support of his

argument, appellant cites to cases from Montana, Alaska, Missouri, Florida, and Utah. (**See id.** at 17-18 (citations omitted).)

Appellant specifically argues that "Pennsylvania jurisprudence is lacking on this issue[.]" (Appellant's brief at 17.) Our case law belies this claim. Indeed, in **Commonwealth v. Brown**, 52 A.3d 1139 (Pa. 2012), our supreme court held as follows:

> [C]riminal convictions which rest only on prior inconsistent statements of witnesses who testify at trial do not constitute a deprivation of a defendant's right to due process of law, as long as the prior inconsistent statements, taken as a whole, establish every element of the offense charged beyond a reasonable doubt, and the finder-of-fact could reasonably have relied upon them in arriving at its decision. Prior inconsistent statements, which meet the requirements for admissibility under Pennsylvania law,[Footnote 52] must, therefore, be considered by a reviewing court in the same manner as any other type of validly admitted evidence when determining if sufficient evidence exists to sustain a criminal conviction.
>
>> [Footnote 52] These requirements are that the witness who gave the prior inconsistent statement testify at trial and be subject to cross-examination regarding the statement, and, also, that the witness's previous inconsistent statement was "given under oath subject to the penalty of perjury at a trial, hearing, or other proceeding, or in a deposition, or (b) is a writing signed and adopted by the declarant, or (c) is a verbatim contemporaneous recording of an oral statement." Pa.R.E. 803.1(1).

**Id.** at 1171.

We now turn to appellant's specific claims pertaining to his convictions. Appellant challenges his convictions of attempted murder and aggravated assault, contending that the Commonwealth failed to establish beyond a reasonable doubt that appellant possessed the requisite intent to kill. (Appellant's brief at 19-20.) Appellant further argues that the Commonwealth failed to establish that he possessed the requisite intent to cause serious bodily injury to warrant a conviction of aggravated assault. (*Id.* at 19.)

> "For a defendant to be found guilty of attempted murder, the Commonwealth must establish specific intent to kill." *Commonwealth v. Geathers*, 847 A.2d 730, 734 (Pa.Super. 2004). Therefore, "[i]f a person takes a substantial step toward the commission of a killing, with the specific intent in mind to commit such an act, he may be convicted of attempted murder." *In re R.D.*, 44 A.3d 657, 678 (Pa.Super. 2012). "The Commonwealth may establish the *mens rea* required for first-degree murder, specific intent to kill, solely from circumstantial evidence." *Id.*

*Commonwealth v. Tucker*, 143 A.3d 955, 964 (Pa.Super. 2016), *appeal denied*, 165 A.3d 895 (Pa. 2017). This court has also held that in cases where we determine that the Commonwealth has introduced sufficient evidence to warrant a conviction of attempted murder, sufficient evidence has also been introduced for the fact-finder to conclude that every element of aggravated assault has been proven beyond a reasonable doubt. *Commonwealth v. Dale*, 836 A.2d 150, 154-155 (Pa.Super. 2003) (citations omitted).

In the instant case, the Commonwealth established, through the victim's January 12, 2015 preliminary hearing testimony that appellant, while sitting

in the passenger seat of a car driven by the victim at a speed of 55 miles per hour on Interstate 76 said, "we're going to die tonight." (Notes of testimony, 5/20/16 at 29-30.) The evidence further established that five seconds after saying, "we're going to die tonight," appellant grabbed the steering wheel, causing the car to hit the dividing wall on Interstate 76 and flip over. (*Id.* at 30-31.) As a result of the collision, the evidence reflects that the victim suffered a fracture of her thoracic spine, multiple fractures to her right ankle, and a lacerated spleen. (*Id.* at 68.)[6]

We find that, when viewed in the light most favorable to the Commonwealth, as verdict winner, the Commonwealth's evidence establishes beyond a reasonable doubt that appellant took a substantial step toward killing the victim, with the intent to kill her, when he grabbed the steering wheel of the car the victim was driving. *Tucker*, 143 A.3d at 964. Because the Commonwealth established the elements of attempted murder beyond a reasonable doubt, we find that the Commonwealth also proved the elements of aggravated assault beyond a reasonable doubt. *Dale*, 836 A.2d at 154-155. Accordingly, appellant's sufficiency of the evidence claims are without merit.

---

[6] Appellant concedes that the victim sustained serious bodily injury. (Appellant's brief at 19 n.3.)

**II.**

Appellant's next four issues challenge evidentiary decisions by the trial court. Appellate review of the admission of evidence by the trial court is governed by the following standard of review:

> In reviewing a trial court's ruling on the admissibility of evidence, our standard of review is one of deference. It is firmly established, "questions concerning the admissibility of evidence lie within the sound discretion of the trial court, and [a reviewing court] will not reverse the court's decision on such a question absent clear abuse of discretion."

*Commonwealth v. Baker*, 963 A.2d 495, 503-504 (citations omitted). Additionally,

> [i]t is not sufficient to persuade the appellate court that it might have reached a different conclusion[;] it is necessary to show an actual abuse of the discretionary power. An abuse of discretion will not be found based on a mere error of judgment, but rather exists where the court has reached a conclusion [that] overrides or misapplies the law, or where the judgment exercised is manifestly unreasonable, or the result of partiality, prejudice, bias or ill-will.

*Commonwealth v. Christine*, [] 125 A.3d 394, 397 ([Pa.] 2015) (citations omitted).

*Commonwealth v. Sweitzer*, 177 A.3d 253, 260-261 (Pa.Super. 2017).

In his second issue, appellant alleges that the trial court "abused its discretion in permitting into evidence recorded prison phone calls without proper authentication." (Appellant's brief at 9.) The Commonwealth contends

that appellant has waived this issue on appeal. (Commonwealth's brief at 9-10.)

> "The absence of a contemporaneous objection below constitutes a waiver of the claim on appeal." ***Commonwealth v. Rodriguez***, 174 A.3d 1130, 1145 (Pa.Super. 2017) (citing ***Commonwealth v. Powell***, [] 956 A.2d 406, 423 ([Pa.] 2008)). Our Supreme Court has stated:
>
>> [I]t is axiomatic that issues are preserved when objections are made timely to the error or offense. ***See Commonwealth v. May***, [] 887 A.2d 750, 761 ([Pa.] 2005) (holding that an "absence of contemporaneous objections renders" an appellant's claim waived); and ***Commonwealth v. Bruce***, [] 916 A.2d 657, 671 ([Pa. Super.] 2007), ***appeal denied***, [] 932 A.2d 74 ([Pa.] 2007) (holding that a "failure to offer a timely and specific objection results in waiver of" the claim). Therefore, we shall consider any issue waived where Appellant failed to assert a timely objection.
>
> ***Commonwealth v. Baumhammers***, [] 960 A.2d 59, 73 ([Pa.] 2008).
>
> Similarly, this Court has stated:
>
>> Our Pennsylvania Rules of Appellate Procedure and our case law provide the well-established requirements for preserving a claim for appellate review. It is axiomatic that "[i]ssues not raised in the lower court are waived and cannot be raised for the first time on appeal." Pa.R.A.P. 302(a). "The absence of a contemporaneous objection below constitutes a waiver" of the claim on appeal. ***Commonwealth v. Powell***, [] 956 A.2d 406, 423 ([Pa.] 2008); ***Tindall***

- 12 -

> *v. Friedman*, 970 A.2d 1159, 1174 (Pa.Super. 2009) ("On appeal, we will not consider assignments of error that were not brought to the tribunal's attention at a time at which the error could have been corrected or the alleged prejudice could have been mitigated.") (citation omitted)[].

*Rodriguez*, 174 A.3d at 1144-45.

*Commonwealth v. Smith*, 213 A.3d 307, 309 (Pa.Super. 2019), *appeal denied*, 223 A.3d 1286 (Pa. 2020).

The certified record reflects that during its direct examination of the victim, the Commonwealth played recordings of prison telephone calls between appellant and the victim. (Notes of testimony, 5/20/16 at 35-38, 41-47.) At no point did appellant raise an objection as to the authentication of the recordings. Therefore, we find that appellant has waived this issue on appeal.

Even if appellant had properly preserved this issue for appellate review, he would, nonetheless, not be entitled to relief. In order to properly authenticate evidence, the Pennsylvania Rules of Evidence require a proponent to "produce evidence sufficient to support a finding that the item is what the proponent claims it is." Pa.R.E. 901(a). Rule 901 permits authentication by way of opinion about a voice. Pa.R.E. 901(b)(5). Specifically, Rule 901 states that the authentication requirement is satisfied when the proponent presents "[a]n opinion identifying a person's voice-- whether heard firsthand or through mechanical or electronic transmission or

recording--based on hearing the voice at any time under circumstances that connect it with the alleged speaker." ***Id.***

Here, the Commonwealth authenticated the evidence in question through the victim's testimony. The victim was a party to each of the telephone calls, and as noted by the trial court, she identified both her voice and appellant's voice. (Notes of testimony, 5/20/16 at 36-38, 41-43, 45-47; trial court opinion, 10/10/19 at 10-11.) Accordingly, the trial court did not abuse its discretion when it admitted the recordings at issue. Appellant's second issue, therefore, would have been without merit.

## III.

In his third issue, appellant complains that the trial court erred when it "accepted an inaccurate transcription of the purported calls." (Appellant's brief at 10.) Preliminarily, we note that the record reflects that appellant raised an objection to the use of the transcripts during the trial. (Notes of testimony, 5/20/16 at 39-40.) Specifically, appellant contended that the transcripts being introduced by the Commonwealth were "incomplete" and "poorly done." (***Id.*** at 40.) Upon appellant's request, the trial court noted the transcripts were not controlling. (***Id.*** at 39-40.)

Both the Commonwealth and the trial court state that the transcripts were not admitted into evidence. (***See*** Commonwealth's brief at 11-12; trial court opinion, 10/10/19 at 11.) The record belies this conclusion. Indeed, the transcripts at issue were identified at the trial as Commonwealth's

Exhibits C-7, C-8, C-10, C-11, C-14, C-16, and C-17. (Notes of testimony, 5/20/16 at 37, 38, 41, 42, 44, 46, and 47.) At the conclusion of its case-in-chief, the Commonwealth requested that Exhibits C-1 through C-22 be admitted into evidence, and the trial court admitted the exhibits. (*Id.* at 85-86.) In determining whether the trial court's admission of the transcripts into evidence was in error, we find our supreme court's decision in *Commonwealth v. Bango*, 742 A.2d 1070 (Pa. 1999), to be instructive.

In *Bango*, the defendant on was on trial for, *inter alia*, possession of a controlled substance with intent to deliver. *Id.* at 1071. As part of its case-in-chief, the Commonwealth played 53 tape-recorded conversations to the jury. *Id.* Before playing the recordings, the Commonwealth distributed transcripts of the conversations that were prepared by a Pennsylvania State Police trooper who testified as the tapes were being played. *Id.* After the Commonwealth's case-in-chief, the trial court admitted the transcripts into evidence. *Id.* During deliberation, the trial court permitted the jury to review the recordings and corresponding transcripts, with the following instruction:

> Again, and this is really important and I want to really stress this to you, in deliberations those transcripts are not the evidence. The evidence is the tapes and so that is what you should rely on and not the transcripts but I will send the transcripts out with you to help you identify what tape it is that you are looking for and listening to and guide you somewhat as to what you are hearing but again I can't stress this strongly enough that the tapes themselves and what is on those tapes is the evidence that you should consider.

*Id.* at 1072 (citation omitted).

Our supreme court held that because the trial court "took meticulous care" to ensure that the jury "understood that the transcripts were to be used only as guideposts and not as verbatim translations," the trial court did not abuse its discretion. *Id.* at 1073. The court further concluded that the trial court's decision "was grounded in common sense and allowed the jury to evaluate and weigh the evidence in an efficient and reliable manner." *Id.*

Our analysis, however, cannot end here. Indeed, appellant contends that the trial court erred because "a defendant must also be afforded the opportunity to cross-examine the individual who prepared the transcript." (Appellant's brief at 10, citing *Commonwealth v. Stetler*, 431 A.2d 992, 998 (Pa. 1981).) In *Stetler*, our supreme court held that the trial court did not err when it permitted a police officer to read transcripts to the jury that he prepared of emergency phone calls to the police. *Id.* The court based its reasoning on the fact that the defendant "was afforded full opportunity to cross-examine the officer who prepared and read the transcripts." *Id.* Unlike the instant case, the defendant in *Stetler* did not dispute the completeness or the accuracy of the transcript read to the jury. *Id.*

Here, appellant was afforded no such opportunity on cross-examination, as the person who prepared the transcripts at issue was not identified at trial, and was therefore not subject to cross-examination by appellant. We find, however, that any error on the part of the trial court was harmless.

> Even where the trial court erroneously admitted evidence, this Court may still sustain the verdict if it finds the error harmless. *See Commonwealth v. McClure*, 144 A.3d 970, 975 (Pa.Super. 2016). An error is harmless only if it could not have contributed to the verdict. *See id.*, at 975-976. This Court will find harmless error where the error did not prejudice the appellant, or the prejudice was *de minimis*. *See Commonwealth v. Brown*, [] 185 A.3d 316, 330 ([Pa.] 2018). Similarly, where "the properly admitted and uncontradicted evidence of guilt was so overwhelming and the prejudicial effect of the error was so insignificant by comparison that the error could not have contributed to the verdict," we will deem the error harmless. *Id.* (citation omitted).

*Commonwealth v. Akhmedov*, 216 A.3d 307, 320 (Pa.Super. 2019) (*en banc*), *appeal denied*, 224 A.3d 364 (Pa. 2020). This court may find harmless error *sua sponte*, regardless of whether the parties raised the argument. *Commonwealth v. Melvin*, 103 A.3d 1, 20 (Pa.Super. 2014), citing *Commonwealth v. Allshouse*, 36 A.3d 163, 182 n.21 (Pa. 2012), *cert. denied sub nom. Allshouse v. Pennsylvania*, 569 U.S. 972 (2013).

Here, the record reflects that the trial court's error did not prejudice appellant. Indeed, we find that the trial court in the instant case employed the same standard in its role as the fact-finder, as the jury was instructed by the *Bango* trial court. *See Bango*, 742 A.2d at 1072. Specifically, the trial court stated on the record that the transcripts were not controlling and that "the exhibit is the tape because that has the voices[,]" and that the transcripts were only being used as an aid. (Notes of testimony, 5/20/16 at 39-41.) Accordingly, we find that any error on the part of the trial court in admitting

- 17 -

the transcripts into evidence was harmless and appellant's third issue is without merit.

## IV. & V.

In his fourth and fifth issues, appellant avers that the trial court erred when it permitted the Commonwealth to impeach the victim with her prior inconsistent statements from her preliminary hearing testimony and her written statements to the police after the victim, when testifying for the Commonwealth, stated that appellant "wasn't trying to harm anyone or anything" when he grabbed the steering wheel. (Appellant's brief at 11-12; notes of testimony, 5/20/16 at 14.) Appellant waives both of these issues on appeal, as he failed to preserve them for appellate review.

The record reflects that appellant initially objected to the Commonwealth's use of the victim's prior statements to the police before immediately withdrawing his objection. (Notes of testimony, 5/20/16 at 18-19.) The record further reflects that appellant did not raise any objection pertaining to the victim's preliminary hearing testimony. As noted by the trial court, "significant portions of [the victim's] prior written statements and preliminary hearing testimony were read into the record." (Trial court opinion, 10/10/19 at 12, citing notes of testimony, 5/20/16 at 19-33 (footnote omitted).)

Even if appellant had properly preserved these issues for appellate review, he would, nonetheless, not be entitled to relief. On appeal, appellant

contends that the victim's prior statements and testimony were admitted into evidence in violation of Pennsylvania Rule of Evidence 613 and that the statements were not sufficiently reliable.  (Appellant's brief at 12-13.)

Rule 613 governs the use of prior inconsistent statements for the purposes of impeaching a witness and provides, in relevant part:

> **(a)** **Witness's Prior Inconsistent Statement to Impeach.**  A witness may be examined concerning a prior inconsistent statement made by the witness to impeach the witness's credibility.  The statement need not be shown or its contents disclosed to the witness at that time, but on request, the statement or contents must be shown or disclosed to an adverse party's attorney.
>
> **(b)** **Extrinsic Evidence of a Witness's Prior Inconsistent Statement.**  Unless the interests of justice otherwise require, extrinsic evidence of a witness's prior inconsistent statement is admissible only if, during the examination of the witness,
>
> > (1)  the statement, if written, is shown to, or if not written, its contents are disclosed to, the witness;
> >
> > (2)  the witness is given an opportunity to explain or deny the making of the statement; and
> >
> > (3)  an adverse party is given an opportunity to question the witness.

Pa.R.E. 613(a)-(b).

The use of prior inconsistent statements for the purpose of impeaching a witness, however, is not without limitation.  In order for a statement to have

been adopted by a witness, the statement must be either given under oath at a formal legal proceeding, put in a writing signed and adopted by the witness, or the statement may be a contemporaneous verbatim recording of a witness's statements. *Brown*, 52 A.3d at 1154 n.15, citing *Commonwealth v. Lively*, 610 A.2d 7, 10 (Pa. 1992).

Here, the statements in question were either put in a writing, signed, and adopted by the victim, or were given under oath at a formal legal proceeding. Indeed, the record reflects that the statements the victim gave to the police were in her own handwriting and signed by the victim. (Notes of testimony, 5/20/16 at 17-33.) The record further reflects that the Commonwealth showed each of the statements to the witness, the witness had an opportunity to explain or deny the making of the statement when the Commonwealth asked the victim whether the statements contained her handwriting and signature, and appellant was given an opportunity to cross-examine the victim. (*Id.*) Accordingly, appellant's Rule 613 claim is without merit.

Appellant next contends that the victim's three written statements given to the police were unreliable. (Appellant's brief at 12.) Specifically, appellant argues that "[s]tatements made by injured persons in a hospital setting must be considered 'extremely suspect.'" (*Id.* at 13, citing *Commonwealth v. Perry*, 379 A.2d 545 (Pa. 1977); *Commonwealth v. Grimes*, 648 A.2d 538

(Pa.Super. 1994).) Both **Perry** and **Grimes** are readily distinguishable from the instant case.

In **Perry**, our supreme court noted that "[t]he legislature has recognized in [a civil context] that statements made by injured persons in a hospital setting raise very serious questions as to whether such statements should be recognized as valid by the law." **Perry**, 379 A.2d at 547. The **Perry** court, however, was not reviewing the voluntariness of a **witness's** statements; rather, the statement at issue was a confession made by a **criminal defendant** in the course of a police investigation. **Id.** at 546-547 (emphasis added). The court determined that the defendant, who was on a catheter during the interview with the detective, complained of pain, and had pain medication withheld during the interview, did not render a voluntary confession. **Id.** at 547-548.

In **Grimes**, this court addressed the reliability of prior inconsistent statements given by a lay witness. The witness gave a written statement implicating the defendant to the police while he was under the influence of cocaine and alcohol. **Grimes**, 648 A.2d at 543. At trial, the witness recanted his previous statement and the Commonwealth sought to confront the witness with his previous inconsistent statement. **Id.** The trial court admitted the witness's statement as substantive evidence. **Id.** On appeal, the defendant averred that the trial court erred when it admitted the witness's statement as substantive evidence because the Commonwealth did not sufficiently validate

the reliability of the statement. *Id.* at 544. This court noted the when the witness in *Grimes* was first observed by the police, he had consumed so much cocaine and alcohol that he was unconscious and lying in his own vomit. *Id.* The court held that the admission of the witness's statement "flies in the face of the reliability requirement announced in *Lively*, *supra*, . . . and will not be tolerated." *Grimes*, 648 A.2d at 544.

In the instant case, appellant contends that the victim was under the influence of pain medication at the time she made her statements to the police; therefore, the trial court erred when it admitted her previous inconsistent statements as substantive evidence. (Appellant's brief at 14.) The record reflects that the victim gave statements to the police on October 27, 2014, October 29, 2014, and November 7, 2014. (Notes of testimony, 5/20/16 at 20, 21, 24.) The record further reflects that the victim testified at the January 12, 2015 preliminary hearing. As noted by the Commonwealth, the victim's three statements to the police, as well as her testimony at the preliminary hearing, were consistent. (*See* Commonwealth's brief at 15-16; notes of testimony, 5/20/16 at 19-33.)

In his brief, appellant cites two instances in the victim's trial testimony in which she indicates that on the night of the crash, she had taken pain medication and had received more pain medication at the hospital. (Appellant's brief at 14, citing notes of testimony, 5/20/16 at 17, 57-58.) Appellant does not specifically allege that the victim was under the influence

of pain medication when she gave all three statements to the police and when she testified at the preliminary hearing. Rather, appellant speculates that due to the victim's injuries, the fact that she underwent multiple surgeries, and due to her "physical condition and heavy dose of medication, her prior statements must be excluded as suspect, particularly when she herself disavows them on the stand." (Appellant's brief at 14, citing notes of testimony, 5/20/16 at 14.)

We find that the use of pain medication by the victim in this case does not rise to the level of impairment exhibited by the witness in **Grimes**. Indeed, the record reflects that the victim hand-wrote and signed all three of her statements to the police in the instant case. (Notes of testimony, 5/20/16 at 18-24.) The victim's testimony during the preliminary hearing, which took place months after the crash, was consistent with her statements to the police. Therefore, the trial court did not err when it admitted the victim's prior inconsistent statements as substantive evidence, and appellant would not be entitled to relief.

## VI. & VII.

In his sixth and seventh issues, appellant alleges two instances of prosecutorial misconduct during the Commonwealth's closing argument. Specifically, appellant contends that the Commonwealth committed prosecutorial misconduct when its counsel introduced un-redacted exhibits of prior bad acts allegedly committed by appellant and by stating during its

closing argument that appellant's alleged conduct in this case "matched the cycle of domestic violence." (Appellant's brief at 14.)

We must first determine whether appellant has properly preserved this issue for appellate review. Our supreme court has held that in order to preserve a claim of prosecutorial misconduct for appellate review, a defendant must raise a contemporaneous objection before the trial court. *Commonwealth v. Powell*, 956 A.2d 406, 423 (Pa. 2008) (citations omitted), *cert. denied sub nom. Powell v. Pennsylvania*, 556 U.S. 1131 (2009); *Commonwealth v. Ali*, 10 A.3d 282, 293 (Pa. 2010) (citations omitted).

We begin with appellant's contention that the Commonwealth committed prosecutorial misconduct when it "provided to the trial court[ ]exhibits in the form of the victim's statements to the police that contained multiple references to prior assaults and threats allegedly committed against [the victim] by [a]ppellant." (Appellant's brief at 15, citing Exhibits C-1 and C-2.) The record reflects that counsel did not raise an objection to the admission of either exhibit. Accordingly, appellant's claim is waived on appeal. *Powell*, 956 A.2d at 423.[7]

---

[7] We note that it is unclear as to whether appellant is raising a claim of prosecutorial misconduct or a violation of the notice requirement pursuant to Pa.R.E. 404(b)(3) (requiring the Commonwealth to provide notice to defendant of intent to introduce evidence of defendant's prior bad acts at trial). (*See* appellant's brief at 14-15; Commonwealth's brief at 17; trial court opinion, 10/10/19 at 12-13.) Because appellant framed his issue in his statement of questions presented as one of prosecutorial misconduct, we shall

Next, appellant claims that the Commonwealth committed prosecutorial misconduct when its counsel referred to a cycle of domestic violence during its closing argument. (Appellant's brief at 16.) Appellant baldly claims that the Commonwealth's remarks "caused the trial court to become biased and hostile towards [a]ppellant, rendering it impossible to render a fair and dispassionate verdict[,]" thereby entitling appellant to a new trial. (*Id.*)

Here, the record reflects that appellant failed to object to the Commonwealth's reference to the "cycle of domestic violence" during the Commonwealth's closing argument. Accordingly, appellant's prosecutorial misconduct claim is waived on appeal. *Powell*, 956 A.2d at 423.

Even if appellant had preserved both prosecutorial misconduct claims for appellate review, his claims would be without merit. Our supreme court has held that in a bench trial, in order for a defendant to be entitled to relief on a prosecutorial misconduct claim, the defendant must, "demonstrate[] by the record that the verdict was indeed the product of" the prosecutor's prejudicial remarks and comments. *Commonwealth v. Harvey*, 526 A.2d 330, 333 (Pa. 1987).

Based on our review of the record, we find that the trial court's verdict was not the result of any prejudicial remarks or commentary on the part of

---

analyze his issue under the standard of review for prosecutorial misconduct. We further note that appellant would not have been entitled to relief under Pa.R.E. 404(b)(3) because he failed to raise a contemporaneous objection at trial. *See Smith*, 213 A.3d at 309.

the Commonwealth. Indeed, the trial court noted that it based its verdict on "testimony evidence and documentary evidence." (Notes of testimony, 5/20/16 at 98.) Accordingly, appellant did not meet his burden for establishing prosecutorial misconduct; therefore, his prosecutorial misconduct claims are without merit.

## VIII.

In his eighth issue, appellant avers that the verdict was against the weight of the evidence. Specifically, appellant alleges that "the Commonwealth was unable to produce any credible evidence that [a]ppellant acted intentionally to cause harm. Indeed, the trial court's verdict relied entirely on unreliable hearsay and is therefore so weak as to 'shock the conscience.'" (Appellant's brief at 21.) Appellant's weight of the evidence claim is waived on appeal.

"[A] weight of the evidence claim must be preserved either in a post-sentence motion, by a written motion before sentencing, or orally prior to sentencing. Failure to properly preserve the claim will result in waiver, even if the trial court addresses the issue in its opinion." ***Commonwealth v. Lofton***, 57 A.3d 1270, 1273 (Pa.Super. 2012), ***appeal denied***, 69 A.3d 601 (Pa. 2013) (citation omitted); Pa.R.Crim.P. 607(A). Here, appellant failed to raise a weight of the evidence claim in a written motion before sentencing, nor did he orally raise the issue prior to sentencing. Appellant also failed to

include a weight claim in his motion to reconsider sentence. Accordingly, appellant waives his weight of the evidence claim on appeal.

Even if appellant had preserved his weight claim for appellate review, he would not be entitled to relief.

> The weight of the evidence is exclusively for the finder of fact, which is free to believe all, part, or none of the evidence, and to assess the credibility of the witnesses. ***Commonwealth v. Johnson***, [] 668 A.2d 97, 101 ([Pa.] 1995). . . . An appellate court cannot substitute its judgment for that of the [finder of fact] on issues of credibility. ***Commonwealth v. DeJesus***, [] 860 A.2d 102, 107 ([Pa.] 2004).

***Commonwealth v. Palo***, 24 A.3d 1050, 1055 (Pa.Super. 2011), ***appeal denied***, 34 A.3d 828 (Pa. 2011).

Here, appellant extends an invitation for us to reassess the fact-finder's credibility determinations in his favor. (***See*** appellant's brief at 21.) This is an invitation that we must decline. Because we cannot substitute the fact-finder's judgment on witness credibility with our own, we conclude that appellant's weight claim is without merit.

## IX.

In his final issue, appellant raises a challenge to the sentence imposed by the trial court. Specifically, appellant contends that the trial court "improperly considered unindicted criminal activity in determining [a]ppellant's sentence." (Appellant's brief at 21.) Here, appellant specifically raises a challenge to the discretionary aspects of his sentence. ***See Commonwealth v. Rhodes***, 990 A.2d 732, 744 (Pa.Super. 2009), ***appeal***

*denied*, 14 A.3d 827 (Pa. 2010) (determining that allegations of trial court considering matters not of record when imposing sentence raises discretionary aspects of sentence challenge).

> Challenges to the discretionary aspects of sentence are not appealable as of right. *Commonwealth v. Leatherby*, 116 A.3d 73, 83 (Pa.Super. 2015). Rather, an appellant challenging the sentencing court's discretion must invoke this Court's jurisdiction by (1) filing a timely notice of appeal; (2) properly preserving the issue at sentencing or in a motion to reconsider and modify the sentence; (3) complying with Pa.R.A.P. 2119(f), which requires a separate section of the brief setting forth "a concise statement of the reasons relied upon for allowance of appeal with respect to the discretionary aspects of a sentence[;]" and (4) presenting a substantial question that the sentence appealed from is not appropriate under the Sentencing Code. *Id.* (citation omitted).
>
> "Objections to the discretionary aspects of a sentence are generally waived if they are not raised at the sentencing hearing or in a motion to modify the sentence imposed." *Commonwealth v. Griffin*, 65 A.3d 932, 935 (Pa.Super. 2013) (citation omitted). *See also Commonwealth v. Cartrette*, 83 A.3d 1030, 1042-1043 (Pa.Super. 2013) (*en banc*) (concluding substantial question waived for failing to raise it at sentencing or in post-sentence motion); *Commonwealth v. Tejada*, 107 A.3d 788, 799 (Pa.Super. 2015) (observing the trial court must be given the opportunity to reconsider its sentence either at sentencing or in a post-sentence motion).

*Commonwealth v. Padilla-Vargas*, 204 A.3d 971, 975-976 (Pa.Super. 2019).

Here, appellant filed a timely notice of appeal and filed a motion for reconsideration of sentence in which he alleged that the trial court imposed a

sentence outside of the guidelines for his conviction of attempted murder. (**See** appellant's motion for reconsideration of sentence, 7/22/16 at unnumbered pages 1-2, ¶¶ 4-5.) The record reflects that appellant did not raise an oral objection at his sentencing hearing. On appeal, however, appellant contends that the trial court improperly considered facts not of record when imposing sentence. Accordingly, appellant has not preserved his discretionary aspects of sentence challenge, and we do not have jurisdiction to decide this issue on its merits.[8] **Padilla-Vargas**, 204 A.3d at 975-976; **see also Commonwealth v. Mann**, 820 A.2d 788, 794 (Pa.Super. 2003), **appeal denied**, 831 A.2d 599 (Pa. 2003) (holding that failure to preserve a specific discretionary aspect of sentencing issue will result in waiver).

Judgment of sentence affirmed.


*Judgment Entered.*

*Joseph D. Seletyn, Esq.*
*Prothonotary*

*Date: 7/22/2020*

---

[8] In its Rule 1925 opinion, the trial court states the sentencing issues raised related to the length of the sentence and the application of the deadly weapon enhancement. (Trial court opinion, 10/10/19 at 16-18.)

- 29 -